[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT DATED MAY 17, 2000 (#123)
Motion for Summary Judgment dated May 17, 2000 (docket #123) is granted for the following reasons:
There is no genuine issue of fact that the motor vehicle operated by the defendant, Thomas C. Esposito at 2:10 a.m. on August 14, 1999, was owned unconditionally, outright, and absolutely by the defendant Suzanne E. Liquerman. The defendant Suzanne E. Liquerman acquired all right title and interest in said motor vehicle upon payment to Auto Fair, Inc. of the consideration of $29,780 on August 13, 1999. All supporting documents support this inescapable conclusion as shown by Auto Identification cards issued by State Farm Insurance Company (defendant's 1-ID, 4-3-00) dated 8-13-99; Official registration of a motor vehicle and application for certification of title dated and signed 8-13-99 which in item 8 the Seller is listed as "Auto Fair, Inc." and further item 7 is left blank i.e. "If leased vehicle" (defendant 2-ID, 4-3-00); Odometer disclosure statement dated 8-13-99 is signed by William A. McCarthy, president, as transferor (seller) and signed by Suzanne E. Liquerman as transferee (buyer) (defendant's 3-ID, 4-3-00); Supplemental Assignment of Ownership and/or Bill of Sale dated 8-13-99 lists Suzanne E. Liquerman as Buyer (signed by Suzanne E. Liquerman) and lists Auto Fair, Inc. as Seller (signed by William A. McCarthy) (defendant 4 ID, 4-3-00) and State Farm Mutual Automobile Insurance Company declaration page dated 8-13-99 lists Suzanne Liquerman an named insured of the subject motor vehicle. The defendant Suzanne Liquerman in deposition responded "yes" to the question "did you actually purchase the vehicle?"
Further, the affidavit of William McCarthy as President of Auto Fair, Inc. avers that the defendant Suzanne E. Liquerman took title to the subject motor vehicle on August 13, 1999 and that Auto Fair, Inc. did not own the subject vehicle on August 14, 1999.
The plaintiff's complaint alleges that Suzanne E. Liquerman was the owner of the subject vehicle which allegation has been admitted by Suzanne E. Liquerman.
Although the plaintiffs have filed an objection to motion for summary judgment dated January 15, 2000 (dated document #131) the plaintiffs have failed to controvert this evidence. CT Page 8777
The provision of Connecticut General Statutes 14-154a does not apply in this case because the relationship between the defendant, Auto Fair, Inc. and the defendant Suzanne E. Liquerman was not a lessor-lesser relationship. Any legal relationship between the defendant Auto Fair, Inc. and the defendant Suzanne E. Liquerman was conducted on August 13, 1999 when the subject motor vehicle was driven off the premises of Auto Fair Inc. There was a complete severance of any legal relationship.
Nor does the provisions of Connecticut General Statutes 14-60 apply in this case as the subject motor vehicle was not a leased car nor was it a "loaner" in any sense of the word. That document entitled Agreement-Temporary Loan of Motor Vehicle clearly applies to the registration pending. Title to the motor vehicle had passed and the defendant Suzanne E. Liquerman was in the process of registering the subject motor vehicle, not perfecting title; but merely registering title.
The plaintiff's reliance on Whitfield v. Empire Mutual Insurance Co.,167 Conn. 499 (1975) is misplaced. The motor vehicle involved in the Whitfield case was owned by an automobile repairer. This is the classic "loaner" situation. The facts of the Whitfield case are inapplicable to the facts of the Flores case.
The defendants Auto Fair Inc.'s motion for summary judgment is granted.
JOHN W. MORAN, JUDGE.